Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
**NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Michael Telanoff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL TELANOFF**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **KAISER FOUNDATION HOSPITALS**, a foreign non-profit Corporation <br><br> Defendant. | Case No. 3:25-cv-01367 <br><br> **RETALIATION IN VIOLATION OF ORS 659A.199; RETALIATION IN VIOLATION OF 659A.203; EMPLOYMENT DISCRIMINATION ORS 659A.030(1)(f); AIDING AND ABETTING ORS 659A.030(1)(g); RETALIATION IN VIOLATION OF ORS 441.181; RETALIATION IN VIOLATION OF EMTALA (42 U.S.C. § 1395dd; ENFORCEMENT OF ARBITRATION AWARD (29 U.S.C. § 185); WRONGFUL TERMINATION; CONSTRUCTIVE DISCHARGE** <br><br> **Claim: $500,000.00** <br><br> **DEMAND FOR JURY TRIAL** |

PAGE 1 – **COMPLAINT**

## I.    INTRODUCTION

1.        Plaintiff Michael Telanoff is a registered nurse who was terminated by Defendant Kaiser Foundation Hospitals after he reported a potential violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), a federal law requiring emergency medical care. An independent arbitrator later overturned Plaintiff's termination, finding that Kaiser lacked just cause and ordering Plaintiff's reinstatement with back pay. However, Kaiser refused to promptly pay the awarded back wages and benefits or effectively reinstate Plaintiff, instead continuing its retaliatory conduct. Plaintiff brings this action against Kaiser for unlawful retaliation under Oregon statutes and federal law, for enforcement of the arbitration award under federal labor law, and for wrongful and constructive discharge in violation of Oregon public policy.

## II.    PARTIES

2.        Plaintiff Michael Telanoff ("Plaintiff") is an individual and a citizen of the State of Oregon. Plaintiff was employed as a Registered Nurse ("RN") by Defendant Kaiser Foundation Hospitals in Oregon from approximately 2015 until his termination on August 4, 2023. During Plaintiff's employment, Plaintiff also served as a union shop steward under a collective bargaining agreement between Kaiser and Plaintiff's union.

3.        Defendant Kaiser Foundation Hospitals ("Defendant") is a California nonprofit corporation with its principal place of business in Oakland, California. At all material times, Kaiser has been registered to do business in Oregon as Kaiser Permanente and operates healthcare facilities, including the Westside Medical Center in Hillsboro, Oregon where Plaintiff worked. Kaiser is an "employer" subject to Oregon's employment statutes and an employer in an industry affecting commerce for purposes of federal labor law.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## III.    JURISDICTION AND VENUE

4.    This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, including the Labor Management Relations Act, 29 U.S.C. § 185, and EMTALA, 42 U.S.C. § 1395dd. This Court has supplemental jurisdiction over Plaintiff's state claim claims under 28 U.S.C. § 1367.

5.    In the alternative, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

6.    Plaintiff is a citizen of Oregon. Defendant is a citizen of California, being incorporated in California and having its principal place of business in California.

7.    Venue is proper in the District of Oregon, Portland Division, under 28 U.S.C. § 1391(b) and Local Rule 3-2. The events giving rise to Plaintiff's claims occurred in Oregon, where Plaintiff was employed at Kaiser's Westside Medical Center in Hillsboro, Oregon.

## IV.    FACTUAL BACKGROUND

8.    Plaintiff was employed as a RN by Defendant at Defendant's Westside Medical Center in Hillsboro, Oregon, from approximately 2015 to Plaintiff's termination August 4, 2023. During the course of his employment, Plaintiff served as a union shop steward and was subject to a collective bargaining agreement.

9.    On or about July 23, 2023, a private vehicle arrived outside the hospital's Emergency Department entrance with a patient suffering from an apparent traumatic injury.

10.    Plaintiff was serving as the Relief Charge Nurse on duty. Plaintiff assessed the patient's condition upon arrival.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

11.    In order to ensure the patient received proper care, Plaintiff called 911 and requested local fire and rescue personnel to come and extricate the patient from the vehicle. While awaiting their arrival, Plaintiff continued to monitor the patient's condition via the Emergency Department's control room.

12.    The next day, July 24, 2023, Plaintiff submitted an incident report through Defendant's Safety Event Reporting System ("SERS"). In that report, Plaintiff noted a possible violation of EMTALA in how the emergency was handled. Plaintiff made this report in good faith, believing that hospital protocols and federal law may have been violated by failing to immediately bring the patient into the Emergency Department.

13.    Shortly after management became aware of Plaintiff's report, Defendant placed Plaintiff on administrative leave and initiated an investigation into the incident. On or about August 4, 2023, Defendant terminated Plaintiff's employment. In its termination notice, Defendant alleged that Plaintiff had engaged in gross misconduct and patient abandonment during the July 23, 2023, incident.

14.    Pursuant to the grievance and arbitration provisions of the collective bargaining agreement, Plaintiff – through his union – challenged the termination as lacking just cause. An arbitration hearing was held on September 26, 2024, before a neutral arbitrator, Kenneth A. Perea ("Perea").

15.    On May 7, 2025, Perea issued a binding final Arbitration Award. Perea concluded that Defendant did not have just cause to terminate Plaintiff's employment. As part of the Award, Perea ordered that: (a) Plaintiff be reinstated to his position without loss of seniority; and (b) Defendant provide Plaintiff with back pay for lost wages from the date of termination

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

(August 4, 2023) until reinstatement, offset by any interim earnings. In reaching this decision, the arbitrator made specific findings, including that:

    a)  The patient was not abandoned;

    b)  Plaintiff's conduct was not gross misconduct;

    c)  Defendant's response in terminating Plaintiff was a disproportionate sanction under the circumstances; and

    d)  Defendant had failed to provide specific training or clear protocols for the unusual emergency scenario that Plaintiff encountered.

16.    Despite the clear terms of the Arbitration Award, Defendant failed to promptly comply. Defendant delayed and ultimately refused to pay Plaintiff the full amount of back wages and benefits owed. Defendant also did not immediately reinstate Plaintiff to work under the ordered conditions. Instead, during discussions following the Award, Defendant expressed reluctance to have Plaintiff return to work. Defendant suggested a potential severance buyout rather than reinstatement. No agreement on a severance was reached. Defendant's hostile attitude and refusal to unconditionally welcome Plaintiff back created an environment in which Plaintiff felt returning to work would be untenable and potentially harmful to his career and well-being.

17.    As a result of Defendant's actions, Plaintiff remained out of work and suffered extended loss of income, emotional distress, and damage to his professional reputation. Defendant's retaliatory conduct continued even after the arbitration victory, effectively forcing Plaintiff to seek other employment at a lower rate of pay. Defendant's actions are part of a continuing course of retaliation. Plaintiff's pursuit of mandatory arbitration caused some delay in seeking relief from the courts; equity therefore dictates that any applicable statutes of limitation

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

be tolled, and that Defendant not benefit from delays caused by its own ongoing misconduct and the required arbitration process.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Oregon Whistleblower Retaliation
### ORS 659A.199
### Against DEFENDANT

18.     The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19.     ORS 659A.199 prohibits an employer from retaliating against an employee for reporting information that the employee believes is evidence of a violation of a state or federal law. Plaintiff engaged in protected activity as defined by ORS 659A.199 when he reported what he reasonably believed to be unlawful conduct by Defendant – specifically, a potential EMTALA violation in the handling of the emergency patient on July 23, 2023.

20.     Kaiser's decision to place Plaintiff on leave and terminate his employment shortly after his report, and its subsequent refusal to fully implement the arbitrator's reinstatement and back-pay award, were materially adverse actions taken because of Plaintiff's protected disclosure. These actions were retaliatory in nature and violate ORS 659A.199.

21.     Defendant's retaliatory acts have been continuous and are part of an ongoing pattern of misconduct. As a direct result of Defendant's retaliation, Plaintiff suffered economic losses (including lost wages and benefits), emotional distress, and injury to his professional reputation. Plaintiff was forced to take a new job at a lower salary and benefits, incurring a loss in his career trajectory.

///

22.     Defendant further retaliated against Plaintiff by refusing to obey the arbitrator's award to pay back pay and benefits, causing economic hardship and further emotional distress.

23.     Plaintiff is entitled to all remedies available under ORS 659A.199 and ORS 659A.885 for this unlawful employment practice, including but not limited to: reinstatement, lost income (back pay and front pay), compensatory damages for emotional distress and reputational harm, and an award of reasonable attorney fees and costs. In addition, because Defendant's conduct was willful and malicious or showed a reckless indifference to Plaintiff's rights, Plaintiff seeks an award of punitive damages as allowed by law to deter and punish such conduct.

### SECOND CLAIM FOR RELIEF
### Oregon Whistleblower Retaliation
### ORS 659A.203
### Against DEFENDANT

24.     The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25.     ORS 659A.203 prohibits retaliation against employees of non-profits (like Plaintiff) who report what they believe to be a violation of state or federal law or regulations that pose a risk to public health, safety, or welfare.

26.     Plaintiff engaged in protected activity under ORS 659A.203 when he reported what he believed to be a potential EMTALA violation that jeopardized patient health and safety. Kaiser's actions—placing Plaintiff on administrative leave and terminating his employment shortly after his report—constitute retaliation against Plaintiff for reporting a potential violation of public health and safety law.

27.     Defendant's retaliatory acts have been continuous and are part of an ongoing pattern of misconduct. As a direct result of Defendant's retaliation, Plaintiff suffered economic

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

losses (including lost wages and benefits), emotional distress, and injury to his professional reputation. Plaintiff was forced to take a new job at a lower salary and benefits, incurring a loss in his career trajectory.

28.     Defendant further retaliated against Plaintiff by refusing to obey the arbitrator's award to pay back pay and benefits, causing economic hardship and further emotional distress.

29.     Plaintiff is entitled to all remedies available under ORS 659A.203 and ORS 659A.885 for this unlawful employment practice, including but not limited to: reinstatement, lost income (back pay and front pay), compensatory damages for emotional distress and reputational harm, and an award of reasonable attorney fees and costs. In addition, because Defendant's conduct was willful and malicious or showed a reckless indifference to Plaintiff's rights, Plaintiff seeks an award of punitive damages as allowed by law to deter and punish such conduct.

### THIRD CLAIM FOR RELIEF
### Employment Discrimination
### ORS 659A.030(1)(f)
### Against DEFENDANT

30.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

31.     ORS 659A.030(1)(f) makes it an unlawful employment practice for any person to discharge, expel, or otherwise discriminate against an individual because that individual has opposed any practice forbidden by Oregon's employment discrimination laws, or because the individual has filed a complaint or participated in any proceeding under those laws.

32.     Plaintiff engaged in protected opposition and related activities when he: (a) filed an internal safety report opposing and reporting what he believed to be unlawful practices (the EMTALA-related incident); (b) exercised his rights through his union to challenge the wrongful

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

termination (a protected activity closely related to opposing unlawful employment practices); and (c) ultimately prevailed in that challenge through arbitration. Each of these actions constituted opposition to what Plaintiff reasonably perceived as unlawful conduct by Defendant.

33.     Defendant took adverse actions against Plaintiff because of these protected activities. Specifically, Defendant retaliated by terminating Plaintiff after his safety report and by failing to promptly reinstate Plaintiff or pay the ordered back wages after he prevailed in arbitration. Defendant's refusal to abide by the Arbitration Award – thereby denying Plaintiff the benefits of his victory – was motivated by animus toward Plaintiff's protected activities (reporting safety violations and asserting his rights via the union grievance process).

34.     Defendant's conduct as described above constitutes unlawful retaliation in violation of ORS 659A.030(1)(f). Defendant's retaliatory conduct was intentional, willful, and taken with malice or reckless disregard for Plaintiff's rights.

35.     As a result of Defendant's retaliation, Plaintiff suffered damages including lost wages and benefits, emotional distress, and damage to his reputation. Plaintiff is entitled to recover his economic losses, compensatory damages for non-economic harm, and reasonable attorney fees and costs pursuant to ORS 659A.885. Plaintiff also seeks punitive damages for this claim, given the willful and egregious nature of Defendant's conduct, as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**Aiding and Abetting**
**ORS 659A.030(1)(g)**
**Against DEFENDANT**

36.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

37.     ORS 659A.030(1)(g) makes it unlawful to aid, abet, incite, or coerce such discrimination or retaliation.

38.     Plaintiff engaged in protected opposition and related activities when he: (a) filed an internal safety report opposing and reporting what he believed to be unlawful practices (the EMTALA-related incident); (b) exercised his rights through his union to challenge the wrongful termination (a protected activity closely related to opposing unlawful employment practices); and (c) ultimately prevailed in that challenge through arbitration. Each of these actions constituted opposition to what Plaintiff reasonably perceived as unlawful conduct by Defendant.

39.     Defendant took adverse actions against Plaintiff because of these protected activities. Specifically, Defendant retaliated by terminating Plaintiff after his safety report and by failing to promptly reinstate Plaintiff or pay the ordered back wages after he prevailed in arbitration. Defendant's refusal to abide by the Arbitration Award – thereby denying Plaintiff the benefits of his victory – was motivated by animus toward Plaintiff's protected activities (reporting safety violations and asserting his rights via the union grievance process).

40.     Defendant's conduct as described above constitutes unlawful retaliation in violation of ORS 659A.030(1)(g). Defendant's retaliatory conduct was intentional, willful, and taken with malice or reckless disregard for Plaintiff's rights.

41.     As a result of Defendant's retaliation, Plaintiff suffered damages including lost wages and benefits, emotional distress, and damage to his reputation. Plaintiff is entitled to recover his economic losses, compensatory damages for non-economic harm, and reasonable attorney fees and costs pursuant to ORS 659A.885. Plaintiff also seeks punitive damages for this claim, given the willful and egregious nature of Defendant's conduct, as permitted by law.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**FIFTH CLAIM FOR RELIEF**
**Retaliation Against Nursing Staff**
**ORS 441.181**
**Against DEFENDANT**

42.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43.     ORS 441.181(1) provides that a hospital may not take any retaliatory action against a member of its nursing staff because that staff member, in good faith, discloses information to a manager, accreditation organization, or public body regarding hospital practices that the staff member reasonably believes violate laws or rules or pose a risk to patient health or safety. ORS 441.184 makes such retaliation an unlawful employment practice, and ORS 441.183 provides an aggrieved nursing staff member the right to seek relief in court.

44.     At all relevant times, Plaintiff was "nursing staff" within the meaning of ORS 441.179 (definitions), employed by Defendant (a hospital). Plaintiff engaged in protected activity under ORS 441.181(1)(a) when he disclosed, to Defendant's management through the SERS report, what Plaintiff reasonably believed to be a violation of law (a potential EMTALA violation) and a threat to patient health and safety. This disclosure was made in good faith for the purpose of ensuring legal compliance and patient welfare.

45.     Defendant took retaliatory action against Plaintiff as a direct result of his disclosure. Defendant's retaliatory actions included placing Plaintiff on leave, terminating Plaintiff's employment, and subsequently resisting compliance with the ordered remedy (reinstatement and back pay) after Plaintiff's termination was deemed unjustified. These actions were intended to punish Plaintiff for reporting the potential legal violation and to discourage such reporting, in violation of ORS 441.181.

PAGE 11 – **COMPLAINT**

46.     Defendant's retaliation against a whistleblowing nurse is expressly prohibited by Oregon law. By terminating Plaintiff for his disclosure and by making his return to work effectively impossible, Defendant has committed an unlawful employment practice under ORS 441.181 and ORS 441.184.

47.     As a result of Defendant's unlawful retaliation, Plaintiff has sustained lost wages and benefits, loss of career advancement, emotional distress, and other damages. Pursuant to ORS 441.183 and ORS 441.184, Plaintiff is entitled to all remedies available for such retaliation, including but not limited to reinstatement (or front pay in lieu of reinstatement), compensation for lost wages and benefits with interest, full restoration of seniority and benefits, and compensatory damages for emotional harm. Plaintiff also seeks recovery of his reasonable attorney fees and costs, as well as punitive damages as authorized by ORS 441.183(2)(f) and ORS 31.730, given that Defendant's conduct was willful and in blatant disregard of the law protecting nursing staff whistleblowers.

**SIXTH CLAIM FOR RELIEF**
**EMTALA Retaliation**
**42 U.S.C. § 1395dd**
**Against DEFENDANT**

48.     Plaintiff re-alleges and incorporates all previous paragraphs.

49.     EMTALA (42 U.S.C. § 1395dd) requires hospitals to provide emergency medical screening and stabilizing treatment to patients with emergency medical conditions and prohibits the improper transfer or refusal to treat such patients. EMTALA contains a whistleblower protection provision, 42 U.S.C. § 1395dd(i), which provides that a participating hospital may not penalize or take adverse action against any hospital employee because that employee reports a violation of EMTALA's requirements.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

50.    Defendant is a hospital subject to EMTALA. Plaintiff, as an employee of Defendant, engaged in protected activity under EMTALA when he reported what he believed to be a violation of EMTALA's emergency treatment requirements (by noting the possible EMTALA violation in his SERES report). Plaintiff's report was made to hospital management and concerned a potential failure to comply with EMTALA on July 23, 2023.

51.    In retaliation for Plaintiff's report, Defendant took adverse employment actions against Plaintiff, including terminating Plaintiff's employment. Defendant's termination of Plaintiff was a direct penalty for his having raised an EMTALA compliance concern. Such conduct by Defendant violates EMTALA's whistleblower protection, 42 U.S.C. § 1395dd(i). The subsequent actions of Defendant (delaying or denying reinstatement and back pay) further exemplify its retaliatory intent following Plaintiff's protected report..

52.    As a proximate result of Defendant's retaliation in violation of federal law, Plaintiff suffered significant damages, including lost wages and benefits, lost future earnings, and emotional distress. Plaintiff is entitled to appropriate relief under EMTALA's whistleblower provisions. Plaintiff seeks to recover his economic losses (with interest) and compensatory damages for emotional distress and other consequential harm. Plaintiff also seeks equitable relief as appropriate, and any applicable remedies available under federal law to redress EMTALA retaliation.

**SEVENTH CLAIM FOR RELIEF**
**Enforcement of Arbitration Award**
**29 U.S.C. § 185**
**Against DEFENDANT**

53.    Plaintiff re-alleges and incorporates all previous paragraphs.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

54.    At all relevant times, a collective bargaining agreement ("CBA") was in effect between Defendant and Plaintiff's union, the Oregon Federation of Nurses and Health Professionals, AFT Local 5017 ("Local 5017"). That CBA governed the terms and conditions of Plaintiff's employment and provided that Defendant could only discharge Plaintiff for just cause. The CBA further established a grievance and arbitration procedure for disputes arising under the agreement, including terminations. Plaintiff, as a union-represented employee, was a beneficiary of the CBA.

55.    Plaintiff filed a grievance under the CBA challenging his August 4, 2023, termination. Pursuant to the CBA's arbitration clause, the grievance was heard by a neutral arbitrator, Kenneth A. Perea. After a hearing and consideration of evidence, Perea issued a Final Arbitration Award on May 7, 2025. In that Award, the arbitrator concluded that Defendant violated the CBA by terminating Plaintiff without just cause. The Award directed Defendant to reinstate Plaintiff to his former position (or an equivalent position) with full seniority and to make Plaintiff whole by paying him back pay for wages and benefits lost due to the termination (offset by any interim earnings). The arbitrator retained jurisdiction to resolve any disputes over implementation of the remedy.

56.    The Arbitration Award is final, binding, and enforceable under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff has duly performed all conditions precedent under the CBA and the Award. Defendant, however, has failed and refused to comply with the Award's terms. Specifically, Defendant did not reinstate Plaintiff to employment and did not pay the full measure of back pay and benefits owed as determined by the arbitrator (Defendant and Local 5017 were unable to reach agreement on the back pay amount, and Defendant has not

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

paid what Plaintiff is owed). Defendant also demonstrated an intent not to welcome Plaintiff back, effectively repudiating the reinstatement directive.

57.     Defendant's failure to promptly obey the Arbitration Award constitutes a breach of the CBA. Under 29 U.S.C. § 185(a), this Court has jurisdiction to enforce the CBA and the Arbitration Award. Plaintiff is entitled to a judgment compelling Defendant to comply with the Award. This includes an order for Defendant to pay Plaintiff the full amount of back pay (with interest) and restore all lost benefits as directed by the arbitrator, less any amounts Plaintiff earned in the interim as specified. If specific performance of reinstatement is not feasible or practical due to Defendant's conduct and the resulting circumstances (including Plaintiff's understandable reluctance to return), Plaintiff seeks an award of appropriate front pay or equivalent damages to fully compensate him as if reinstatement had occurred.

58.     Additionally, Plaintiff seeks his reasonable attorney fees and costs incurred in enforcing the Award, to the extent permitted by law or the Court's equitable powers, as Defendant's unjustified refusal to comply has made this litigation necessary. Plaintiff also seeks any other relief the Court deems just and proper to effectuate the purposes of the Arbitration Award and to make Plaintiff whole.

**EIGHTH CLAIM FOR RELIEF**
**Wrongful Termination**
**Against DEFENDANT**

59.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

60.     This cause of action is plead in the alternative should the above causes of action fail or be dismissed.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

61.    Plaintiff was terminated by Defendant on August 4, 2023. This termination was wrongful and contrary to the public policy of the State of Oregon. Oregon public policy strongly encourages employees to report and oppose unlawful practices that threaten public health and safety, and to do so without fear of reprisal. This policy is reflected in statutes such as ORS 659A.199 and ORS 659A.203 (protecting whistleblowers) and ORS 441.181 (protecting hospital nursing staff who report violations), among others. At the time Defendant terminated Plaintiff, Plaintiff had just engaged in exactly such protected conduct—reporting a possible violation of law (EMTALA) intended to protect patients. Terminating an employee under these circumstances undermines important public policy by discouraging employees from reporting safety concerns and legal violations in healthcare.

62.    Plaintiff's act of reporting a potential EMTALA violation was a fulfillment of an important societal obligation: ensuring compliance with laws designed to protect patients and the public. There was no adequate statutory remedy fully protecting Plaintiff at the time of his discharge, in that Defendant's retaliatory termination caused personal harms (such as emotional distress and reputational damage) that go beyond lost wages. Accordingly, Oregon common law recognizes a tort claim for wrongful discharge in this context, to vindicate the public interest in truthful reporting and to fully compensate the victim of retaliation.

63.    Defendant's stated reasons for terminating Plaintiff—accusations of misconduct and patient abandonment—were pretextual and unfounded, as later confirmed by the Perea's findings. The true motive for Plaintiff's discharge was retaliation for his whistleblowing and opposition to unlawful practices. But for Plaintiff's protected report and his opposition to substandard emergency handling, Defendant would not have terminated him.

///

PAGE 16 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

64.     As a direct and proximate result of the wrongful discharge, Plaintiff suffered economic harm, including lost wages, benefits, and career opportunities. Plaintiff also suffered significant noneconomic harm, including emotional distress (such as humiliation, anxiety, and mental anguish) and injury to his professional reputation.

65.     Plaintiff is entitled to recover damages in an amount to be proven at trial for his wrongful discharge. These damages include, at a minimum: back pay for lost past wages and benefits; front pay for future lost earnings (to the extent reinstatement is not feasible); and compensatory damages for Plaintiff's emotional distress and other noneconomic injuries caused by the discharge. Plaintiff also seeks any applicable punitive damages, to the extent permitted by Oregon law and justified by Defendant's willful and egregious conduct, as well as any other relief the Court deems proper to vindicate the public policy at stake.

### NINTH CLAIM FOR RELIEF
#### Constructive Discharge
#### Against DEFENDANT

66.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

67.     After Arbitrator Perea ordered Plaintiff's reinstatement in May 2025, Defendant intentionally engaged in conduct that made Plaintiff's return to work effectively impossible. Defendant expressed open hostility toward Plaintiff's return (including suggesting he take a severance instead) and failed to promptly return Plaintiff to active employment or pay him what he was owed. Defendant's deliberate obstruction and hostility created working conditions that any reasonable person in Plaintiff's position would find intolerable. Plaintiff, reasonably fearing for his career and sensing that any return to employment with Defendant would be met with continued animus and potential sabotage of his success, felt compelled to not return to his former position. In essence, although an arbitrator had formally reinstated him, Defendant's actions forced

PAGE 17 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Plaintiff's separation from employment a second time. This situation constitutes a constructive discharge by Defendant.

68.    Defendant knew or reasonably should have known that its post-arbitration conduct would result in Plaintiff's decision not to return. Indeed, upon learning of the arbitrator's decision in Plaintiff's favor, Defendant purposefully made conditions difficult in order to avoid having Plaintiff back on staff. Defendant's actions were undertaken with the intent to cause Plaintiff to quit (or forego reinstatement), or at minimum with reckless disregard of the likelihood that Plaintiff would be driven away.

69.    This constructive discharge was precipitated by Plaintiff's protected activities and his successful challenge to the wrongful termination. In other words, Defendant, having been ordered to reinstate a whistleblower employee it did not want back, deliberately violated the spirit of that order by making Plaintiff's working conditions intolerable. Terminating (constructively or actually) an employee under such circumstances contravenes Oregon's public policy, for the same reasons described in the Eighth Claim for Relief. As such, Oregon common law recognizes that Plaintiff may recover for this constructive discharge in violation of public policy.

70.    As a direct and proximate result of Defendant's constructive discharge of Plaintiff, Plaintiff has incurred additional damages. These include the continuation of lost wages and benefits beyond what would have occurred had Defendant simply complied with the Award and allowed a good-faith return to work. Plaintiff has lost future income and benefits because he could not safely return to an environment so poisoned against him. Plaintiff also endured additional emotional distress, humiliation, and frustration from being effectively forced out of a job he fought hard to win back.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

71.    Plaintiff is entitled to recover damages for his constructive discharge, in an amount to be proven at trial. Such damages include lost wages and benefits (back pay from the date Plaintiff would have been reinstated, and front pay for the loss of future employment tenure and earnings at Defendant), and compensatory damages for emotional distress and related noneconomic harm. Plaintiff also seeks any equitable relief or other relief the Court deems appropriate to remedy this wrongful constructive termination and to vindicate the public interest in preventing employer retaliation.

WHEREFORE, Plaintiff prays for relief as follows:

For the FIRST, SECOND, THIRD, FOURTH, FIFTH, and SIXTH Claims for Relief *(Retaliation in violation of ORS 659A.199; ORS 659A.203; ORS 659A.030(1)(f); ORS 659A.030(1)(g); ORS 441.181/441.184; and 42 U.S.C. § 1395dd)*:

a)    **Back Pay and Front Pay:** An award of lost wages and benefits from the date of Plaintiff's termination until the date of judgment (back pay), and front pay for a reasonable period into the future (in lieu of reinstatement) to compensate Plaintiff for continuing losses of income and benefits, all in amounts to be determined according to proof;

b)    **Emotional Distress Damages:** Compensation for Plaintiff's noneconomic damages, including mental and emotional pain and suffering, in an amount to be determined at trial (no less than $100,000);

c)    **Reputation Damages:** Compensation for injury to Plaintiff's professional reputation and loss of esteem in the community, in an amount to be determined at trial (no less than $75,000);

d)    **Punitive Damages:** An award of punitive and/or exemplary damages in an amount sufficient to punish Defendant and deter such misconduct, as allowed by law; and

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

e)  **Attorney Fees and Costs:** An award of Plaintiff's reasonable attorney fees and litigation costs, pursuant to ORS 659A.885, ORS 441.183, and any other applicable provision of law, as well as pre- and post-judgment interest on monetary awards.

**For the SEVENTH Claim for Relief *(Enforcement of Arbitration Award under 29 U.S.C. § 185)*:**

a)  **Back Pay Award:** An order enforcing the Arbitration Award by requiring Defendant to pay Plaintiff all back pay and lost benefits owed from August 4, 2023 through the date of any judgment or such earlier date as the Court finds appropriate, less any interim earnings, as determined according to proof (or as calculated by the arbitrator's retained jurisdiction if the Court so directs);

b)  **Equitable Relief:** Appropriate equitable relief to effectuate the Arbitration Award, which may include reinstatement of Plaintiff to his previous or a comparable position, or front pay in lieu of reinstatement if reinstatement is found to be impractical or inequitable under the circumstances; and

c)  **Attorney Fees and Costs:** An award of Plaintiff's reasonable attorney fees and costs incurred in enforcing the arbitration award, to the extent permitted by law or equity, along with applicable interest on any monetary relief.

**For the EIGHTH and NINTH Claims for Relief *(Wrongful Termination and Constructive Discharge)*:**

a)  **Economic Damages (Back Pay and Front Pay):** An award of damages for past and future lost wages, benefits, and earning capacity caused by Defendant's wrongful and/or constructive termination of Plaintiff, in amounts to be determined according to proof;

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

b)      **Non-Economic Damages:** An award of damages for Plaintiff's emotional distress, mental anguish, humiliation, and other pain and suffering resulting from the wrongful discharge and constructive discharge, in an amount to be determined at trial; and

c)      **Other Relief:** Such other equitable or legal relief as the Court may deem just and proper to fully compensate Plaintiff and to deter future violations, including (but not limited to) injunctive relief or declaratory relief affirming the violations of public policy.

**For ALL Claims:**

a)      Pre- and Post-Judgment Interest: An award of interest on all monetary recoveries, at the highest rate allowed by law, from the time the damages were incurred until paid in full; and

b)      Further Relief: Any other relief the Court deems appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL:** Plaintiff hereby demands a trial by jury on all claims and issues triable to a jury.

DATED this 3rd day of August 2025

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**

By:      */s Randy J. Harvey*_____
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Michael Telanoff*

PAGE 21 – **COMPLAINT**